IN THE UNITED STATES OF DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAIME CONNER<br>RICHARD CONNER<br><br>Petitioner/Plaintiff<br><br>Vs.<br><br>HSBC MORTGAGE SERVICES, INC<br><br>Defendant/Respondent | )<br>)<br>)<br>)<br>)<br>) CASE NO.<br>)<br>)<br>)<br>) 1·10-CV-3858<br>) MAGIST NO. 10E11935<br>) |



**NOTICE OF REMOVAL AND FEDERAL STAY**

**PURSUANT TO 28 USCA 1446(D)**

TO: HSBC MORTGAGE SERVICES, INC

You are hereby notified of the filing of a Petition for removal in the

District Court for the Northern District of Georgia Division of the above stated

case with case number in Magistrate the Court of Cobb County in accordance with

the provisions of 28 USCA 1446 Judiciary and Procedure. The proceedings occurring in

violation of the Uniform Commercial Code. Pursuant to the provisions of section 28

USCA 1446(d) the Magistrate Court of Cobb County shall not proceed with any

eviction of the petitioner from the real property that is the subject matter of this case until

remanded or so ordered from the United States District Court.

1.

The defendant did unlawfully foreclose on the real property owned by the original debtor. The name on the deed is not the right party HSBC Mortgage Services, INC did not establish itself as the holder of the note and mortgage. She does not owe the amount HSBC Mortgage Services, INC claimed HSBC Mortgage Services, INC did not comply with the requirements of Section 203, 604(b), Title 24, C.F.R.

2.

The defendant did unlawfully proceed with the eviction proceedings without proving sufficient evidence explaining or demonstrating its right to the note and mortgage at issue. The failure to prove who was the real party in interest created a genuine issue of material fact. Id. At 679-680.

3.

The defendant did unlawfully proceed with eviction proceedings without proving sufficient evidence explaining or demonstrating its right to the note and mortgage at issue HSBC Mortgage Services, Inc did not extend or notify the plaintiff of a three day right to rescind or cancel the note.

WHEREFORE the petitioner demands the following relief

1. This honorable Court remove this action from the Magistrate Court.

2. Afford adequate discovery in the District Court.

3. Grant all relief this court deems just a proper.

4.

The plaintiff alleges that HSBC Mortgage Services, INC did unlawfully violate section 226.9(b) of Regulation Z, by extending credit and retaining a security interest other than a first mortgage, in real property which was used by the customer as her principal residence, without giving the customer notice of right to rescind as required by section 226.9(b). The evidence in this case establishes, again by valid sampling, that the bank did, in fact exhibit a substantial failure, in such credit transactions, to give the notice to rescind as specifically and absolutely required by section 226.9(b). Therefore, a cease and desist order is appropriate. This is a case where the condition created by the Bank's violation, cannot be corrected without further affirmative action. The giving of the notice of right to rescind is an absolute requirement of the regulation which may not be excused. Section 226.9(b) of Regulation Z, provides that in the event a creditor fails to deliver the

disclosure of right of rescission, the customer's right to rescind the transaction shall expire 3 years after the date of consummation of transaction at the latest. The Bank did secure a waiver of the 3-day waiting provision, but the waiver obtained was insufficient to meet the specific requirements of this section. Under these circumstances, the Bank should be required to review all extensions of closed end credit which are outstanding, ((4-1-90 p. A-107)) where the customers did not receive proper disclosure as required by section 226.9(b) and which were consummated within 3 years of the final date of the order issued in this case. The Bank should be required to notify, by letter each of those customers, by furnishing them with notice of the right to rescind as required by section 226.9(b) and advising them of their right to rescind within 3 business days of receipt of the notice.

5.

The defendant did unlawfully violate title 15 of the fair Department Collections Act with eviction proceedings for a debt that was being disputed in court for wrongful fees and the ARP must be accurate as well. The tolerance for the ARP rate disclosed in the TILA Disclosure is one-eight of one-half of one percent (.0005). TILA states that the ARP is inaccurate if it exceeds or is lower than the accurate APR by .00125; 15 USC 1602 (z); Ramsey v Vista Mortgage Corp.

## VERIFICATION
(Affidavit)

The undersigned Affiant JAIME AND RICHARD F. CONNER by appellation does here with swear declare and affirm that the Affiant executes this Affidavit with sincere intent and competently states the matters set forth. I the undersigned being under oath and declare under penalty of perjury that I do not have an attorney to represent me in this case. Also, that the contents are true, correct and not misleading to the best of his knowledge.

_____
JAIME CONNER
RICHARD F. CONNER
2453 Zachary Wood Drive NW
Marietta, GA 30064
Petitioner
Pro Se

Receipt is hereby acknowledged of the forgoing written notice and of filing the petition for removal.

Cc: Clerk of the District Court of Fulton County State of Georgia

**IF UNABLE TO OBTAIN PERSONAL SERVICE, PLEASE SERVE BY TACK AND MAIL***

## MAGISTRATE COURT OF COBB COUNTY
## STATE OF GEORGIA

Civil Action No. 10E 11935

Attorney or Plaintiff's Name and Address

3525 Piedmont Road NE Bldg 6 Suite 700
Atlanta, GA 30305
404-214-5251

HSBC Mortgage Services, Inc

Plaintiff

Name and Address of Party to be Served

Jaime Conner and Richard F. Conner, Jr.
and/or all other residents
2453 Zachary Woods Drive NW
Marietta, GA 30064

Jaime Conner and Richard F. Conner, Jr.
and/or all other residents
Defendant

Garnishee

### SHERIFF'S ENTRY OF SERVICE

☐ PERSONAL.
I have this day personally served Defendant, _____, a copy of the within action and summons.

☐ NOTORIOUS
I have this day served Defendant, _____, by leaving a copy of the action and summons at his/her most notorious place of abode in this County.
Delivered into the hands of _____ described as follows: age, about ___ years; weight, about ___ pounds; height, about ___ feet and ___ inches; domiciled at the residence of Defendant.

☐ CORPORATION
I have this day served Defendant, _____, a corporation, by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said corporation in this County.

☒ TACK & MAIL.
I have this day served the above affidavit and summons on Defendant(s) by posting a copy of same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a copy of same in the United States Mail, First Class, in an envelope properly addressed to Defendant(s) at the address shown in said summons with adequate postage affixed thereon containing notice to Defendant(s) to answer said summons at the placed stated in the summons.

☐ NON EST.
After a diligent search made, Defendant, _____ was not to be found in the jurisdiction of this Court.

This ___ day of _____, 20__

Deputy, Cobb County, Georgia

## Answer Summons within 7 days